UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL ROTHSTEIN, *et al.*,

Plaintiffs,

-against-

UBS AG,

Defendant.

No. 08-civ-4414 (JSR)

Electronically Filed

**SUPPLEMENTAL DECLARATION OF DANIEL L. CANTOR, ESQ.**

**DANIEL L. CANTOR, ESQ.**, under penalty of perjury pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.    I am an attorney admitted to practice before the courts of the State of New York and the Southern District of New York, and a member of the firm of O'Melveny & Myers LLP, counsel for defendant UBS AG ("UBS") in the above-captioned action. I submit this supplemental declaration in support of UBS's Motion to Dismiss the Complaint, filed with this Court on July 2, 2008.

2.    In a July 11, 2008 e-mail from opposing counsel Robert Tolchin, I learned that page 15 was missing from the copy of *Civil Wrongs Ordinance [New Version], 1968* that was attached as **Exhibit 17** to the July 2, 2008 Declaration of Daniel L. Cantor, Esq.

3.    Attached to this Supplemental Declaration is a true and correct copy of *Civil Wrongs Ordinance [New Version], 1968*.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: July 11, 2008

Daniel L. Cantor

# CIVIL WRONGS

FULL TEXT TRANSLATIONS OF THE

CIVIL WRONGS ORDINANCE [NEW VERSION]

CIVIL WRONGS (LIABILITY OF THE STATE) LAW
5712-1952

CIVIL WRONGS REGULATIONS (LIABILITY OF A
PUBLIC SERVANT) 5766-2006

CIVIL WRONGS REGULATIONS (LIABILITY OF THE
STATE) (WRITTEN NOTICE OF DAMAGE) 5763-2003

LAW FOR THE AMENDMENT OF CIVIL WRONGS
LEGISLATION (AMELIORATING BODILY HARM)
5724-1964

INCORPORATING ALL CHANGES

UP TO AN INCLUDING APRIL 10, 2006

**ARYEH GREENFIELD – A. G. PUBLICATIONS**
June 2006

# INTRODUCTION

We here present the English translation of Israel's legislation on torts and civil wrongs, fully up-to-date with all amendments incorporated, and including the regulations published on April 10, 2006.

This Ordinance is based on an enactment legislated in 1944 by the British Mandate authorities. In 1968 that measure, including all its amendments until then, was replaced by a completely reedited Hebrew language "New Version", which in turn has been amended several times. In preparing English translations of all the measures in these pages we worked from the official text published in Sefer Ha-chukkim and in Kovetz Ha-takkanot, and were also guided by the consolidated Hebrew texts published by Dinim ve-Od, a major service that covers all Israel legislation.

**Although we exert considerable efforts to ascertain the correctness, completeness and relevance of all our publications, the translator, editor, publisher and distributors have made no warranty and can assume no responsibility whatsoever on that account.**

**Readers are also cautioned that no translation of Israel legal measures has any standing under Israel legal practice; the Courts and other authorities will concern themselves only with the original and official Hebrew text. For this and other reasons readers are advised to consult qualified professional counsel before making any decision in connection with the enactments, which are here presented in translation for their general information only.**

*Aryeh Greenfield – A. G. Publications*

Copyright 1998, 2006 by
Aryeh Greenfield – A. G. Publications
P.O. Box 7422, 31-070 Haifa, Israel
Tel. 972-4-825-5104, Fax 972-4-826-1182

# CONTENTS

Introduction                                                                2

CIVIL WRONGS ORDINANCE [NEW VERSION]                                         4
Chapter One:          Interpretation                                        4
Chapter Two:          Rights and liabilities in civil wrongs                5
Chapter Three:        Civil Wrongs                                         12
    Article One:      Assault                                              12
    Article Two:      Imprisonment                                         14
    Article Three:    Trespass                                             15
    Article Four:     Negligence                                           16
    Article Four "A": Injury by a Dog                                      18
    Article Five:     Nuisances                                            18
    Article Six:      Misappropriation                                     20
    Article Seven:    Fraud                                                21
    Article Eight:    Persecution                                          21
    Article Nine:     Causing Breach of Contract                           22
    Article Ten:      Breach of Statutory Obligation                       22
Chapter Four:         Fault                                                23
Chapter Five:         Reliefs for civil wrongs                             24
Chapter Six:          Miscellaneous                                        29
Schedule                                                                   30

CIVIL WRONGS REGULATIONS (LIABILITY OF A PUBLIC
    SERVANT) 5766-2006                                                     31
Chapter One:          Interpretation                                      31
Chapter Two:          Notice of Action Brought Against a Public Servant    31
Chapter Three:        Notice by the State Recognizing the Employee's
                      Act as Performed as Part of his Governmental
                      Responsibilities                                     32
Chapter Four:         Bringing Action against a Public Servant Who Is a
                      Public Authority Employee                            33
Chapter Five:         Submitting and Deciding a Petition on the
                      Applicability of Conditions of Immunity              33
Chapter Six:          Miscellaneous                                       35
Schedule                                                                   35

CIVIL WRONGS (LIABILITY OF THE STATE) LAW 5712-1952                        37
Schedule                                                                   43

CIVIL WRONGS REGULATIONS (LIABILITY OF THE STATE)
    (WRITTEN NOTICE OF DAMAGE) 5763-2003                                   44
Schedule                                                                   46

LAW FOR THE AMENDMENT OF CIVIL WRONGS LEGISLATION
    (AMELIORATING BODILY HARM) 5724-1964                                   49

References                                                                 51

# CIVIL WRONGS ORDINANCE
# (NEW VERSION)

## CHAPTER ONE: INTERPRETATION

**Interpretation**

1.　This Ordinance shall, subject to the Interpretation Ordinance, be interpreted according to the principles of legal interpretation customary in England, and terms used in it shall be assumed to have the meaning of corresponding terms in English Law and shall be so interpreted, as far as that is consistent with the context and there being no other explicit provision. *(Note: Under the Law and Administration Ordinance (Amendment No. 14) Law 5732-1972, this proviso on the interpretation of the Law is no longer binding).*

**Definitions**

2.　In this Ordinance –

"parents" – including parents' parents and step parents;

"animal" – including birds, fish, insects and reptiles;

"wild animal" – an animal, which in Israel is not usually kept captive or under human control;

"child" – including grandchild, stepchild, fetus, child born out of wedlock, or adopted child; in reaching a conclusion on the degree of family relationship, which under the provisions of this Ordinance is included in the definitions of the terms "parents" and "child", a child born out of wedlock and an adopted child shall be deemed the lawful offspring of its mother and of the man known to be its father, or of its adopter, all as the case may be;

"movables" – inanimate or animate, including money, the fruit of trees and vines, grains, vegetables and other crops and water, whether or not attached to land;

"employer" – a person who, in his relations with another person, has complete control over the manner in which that person performs work for him, while he himself is not subject to similar authority in respect of that work, and "employee" is a person whose work is subject to aforesaid control; however, a person in the service of the State, of a local authority or of another person shall not be deemed an employer or an employee of another person in that service;

"real estate" – land, trees, houses, buildings and walls or other structures;

"damage" – a loss of life, a loss of an asset, of comfort, of bodily welfare or of reputation, or a detraction from any of these, and any similar loss or detraction;

"monetary damage" – an actual loss or expense, which can be assessed in terms of money and on which particulars can be provided;

"asset" – real estate or movable;

"defendant" – including an defendant in a counter suit or a cross action;

"injury" – unlawful interference with a legal right;

"plaintiff" – including a plaintiff in a counter suit or a cross action;

"occupant" – a person who lawfully occupies real estate, or who is entitled – as against the owner of the real estate – to occupy and use it, and when there is no such person – the owner of the real estate.

## CHAPTER TWO: RIGHTS AND LIABILITIES IN CIVIL WRONGS

### Civil wrong and right to relief

3.    The matters enumerated below in this Ordinance constitute civil wrongs and – subject to the provisions of the Ordinance – any person injured or damaged by a civil wrong committed in Israel is entitled to the relief specified in the Ordinance from the person who committed the wrong or was responsible for it.

### Trivial act

4.    An act shall not be deemed a civil wrong, if – were it repeated – it would not establish an adverse claim, and if a reasonable person of ordinary temperament would not have complained of it under the given circumstances.

### Voluntary exposure to risk

5.    (a)    In an action brought for a civil wrong, it shall be a defense that the plaintiff knew and appreciated – or may be assumed to have known and appreciated – the state of affairs that caused the damage and that he voluntarily exposed himself or his property to that state of affairs.

(b)    The provisions of this section shall not apply to an action brought for a civil wrong that stems from the failure to perform an obligation incumbent upon the defendant by virtue of an enactment.

(c)    A child below age twelve shall not be deemed capable of knowing or appreciating the state of affairs that caused the damage and of voluntarily exposing himself or his property to that state of affairs.

### Act under enactment

6.    In an action brought for a civil wrong other than negligence, it shall be a

defense that the act complained against was under and in accordance with the provisions of an enactment, or that it was carried out within the bounds of a legal authorization or in the reasonable belief in good faith that legal authorization existed; in this section, "act" includes an omission.

----------------------------------------------------------------

*Note: In respect of actions brought until February 10, 2006 –*

1.  *section 6 shall be read  as if* "the act complained against" *said* "the act or omission complained against" *and without the closing passage that begins with* "or that it was carried out".

2.  *Section 7 shall be deemed to read as follows:*
    "**Public servant**
    7.  (a)  A public servant is responsible for any civil wrong committed by him, and if sued therefor he shall be sued personally; however, without derogating from the provisions of sections 6 and 8, it shall be a defense for the public servant – in any action that is not for negligence – if the act was within the scope of his lawful powers or that he committed it in good faith, believing that he acted within the scope of his lawful powers.
        (b)  A public servant shall not be responsible for any civil wrong committed by an agent appointed by him or by another public servant, unless he explicitly authorized or ratified the civil wrong."

3.  *Sections 7A to 7F are not to be taken into account*

*Sections 7 to 7F, as presented below, are in effect for actions brought after February 10, 2006.*

----------------------------------------------------------------

**Definitions**
7.  In sections 7A to 7F –
    "act" includes an omission;
    "State employee" – including an organ of the State and every person who under an enactment performs a public function in the name of the State, including persons who serve in the Israel Defense Forces, in the Israel Police, in the Prisons Service and in other security organizations of the State, and exclusive of a contracting party, within its meaning in section 15;
    "public authority employee" – including an organ of the public authority and every person who under an enactment performs a public function in the name of the public authority, and exclusive of a contracting party, within its meaning in section 15;
    "public servant" – a State employee or a public authority employee, as the case may be;

             "public authority" – a local authority, and every body corporate set up by Law, which is listed in the Schedule;

             "governmental function" – a statutory public function, within its meaning in section 15(d)(2) of the Basic Law: Administration of Justice.

### Immunity of public servants

7A.  (a)    Action shall not be brought against a public servant for an act that raises liability in tort and that he performed in the course of performing his governmental function as a public servant; this provision shall not apply to a said act that was knowingly committed with the intention to cause damage, or with indifference to the possibility that the said act will cause damage.

     (b)    The provisions of subsection (a) shall not derogate from the liability of the State or of a public authority under sections 13 and 14 and under any statute.

     (c)    The immunity under this section shall also apply to whoever was a public servant when the act, which is the subject of the action, was committed.

### Action against a State employee

7B.  (a)    When action has been brought against a State employee for an act committed as part of his function as State employee, and if the State argued in a notice to the Court that immunity under section 7A applies to the employee's act, if the act was committed, then the State shall be joined to the proceeding, if it was joined as a defendant.

     (b)    If, in its notice under subsection (a), the State requested that the action against the State employee be dismissed, then the action against him shall be dismissed, and the action shall be deemed to have been brought against the State by virtue of its liability under sections 13 and 14 for the act of the State employee, and the State employee's act shall be deemed to have been committed in the course of performing his function.

     (c)    Notwithstanding the provisions of subsection (b), within a period to be determined in regulations the plaintiff may petition that the Court determine that the conditions of immunity under section 7A do not apply; if the Court determined as aforesaid, then the action against the State employee shall not be dismissed and the provisions of subsection (b) shall not apply.

     (d)    If the State did not give a notice said in subsection (a) or if it did not request that the action against the State employee be dismissed as said in subsection (b), then within a period to be determined in regulations the State employee may petition that the Court determine that the conditions of immunity under section 7A do apply; if the employee petitioned as aforesaid, then the

State shall be joined to the proceeding, if it was joined as a defendant; if the Court determined that the conditions of immunity said in section 7A do apply, then the action against the State employee shall be dismissed and the provisions of subsection (b) shall apply, mutatis mutandis; if the Court determined that the State employee committed the act not in the performance of his function, then the action against the State shall be dismissed.

(e)   The Court shall immediately decide on a plaintiff's petition under subsection (c) or a State employee's petition said in subsection (d).

**Action against a public authority employee**

7C.  (a)   When action has been brought against a public authority employee for an act committed as part of his function as State employee, then within a period to be determined in regulations the public authority or the employee may petition the Court that it determine that the conditions of immunity under section 7A apply to the employee's act, if the act was committed; when a said petition was submitted, then the public authority shall be joined to the proceeding, if it was not joined to it as a defendant, and the Court shall determine whether the conditions of immunity under section 7A apply.

(b)   If the Court determined that the conditions of immunity under section 7A apply, then the action against the public authority employee shall be dismissed and the provisions of section 7B(b) shall apply, mutatis mutandis; if the Court determined that the public authority employee committed the act not in the performance of his function, then the action against the public authority shall be dismissed.

(c)   The Court shall immediately decide on the public authority's or the employee's petition under subsection (a).

**Joining a public servant as defendant in an action**

7D.  A public servant may join as defendant an action brought against the State or a public authority, as the case may be, for an act for which he would have been liable, if not for the provisions of section 7A(a), or he may – notwithstanding the provisions of sections 7A to 7C – maintain his position as defendant in an action brought against him.

**Regulations**

7E.  The Minister of Justice may, with approval by the Knesset Constitution, Law and Justice Committee, make regulations for the implementation of the provisions of sections 7B to 7D, also in respect of –

(1)   Law procedure and times;

(2)    the obligation of informing the State or the public authority that
       action has been brought;
(3)    the conditions for delivery of notice by the State, as said in section
       7B(a), and who is authorized to approve its delivery.

## Compensation or indemnification of the State or of the public authority
7F.    (a)    If a public servant acted in gross deviation from a public servant's
              proper behavior, then the State or the public authority, as the case
              may be, is entitled, notwithstanding the provisions of section 7A –
              (1)    if the public servant committed an act against it that creates
                     liability in tort – to compensation from him;
              (2)    if it was found liable for the act committed by the public
                     servant – to indemnification from him.
       (b)    In proceedings for indemnification under this section, the amount
              of indemnification shall be as determined by the Court according
              to justice and equity.

## Judicial authority
8.     If a person constitutes a Court or Tribunal or is one of its members, or if
       he lawfully performs the obligations of a said person, and if any other
       person performs judicial functions, including an arbitrator, then no
       action shall be brought against him for any civil wrong committed by
       him in the performance of his judicial function.

## Minor
9.     (a)    No action shall be brought against any person for a civil wrong
              which he committed before he reached age twelve.
       (b)    A person who has not reached age eighteen can bring action for a
              civil wrong and – subject to subsection (a) – action therefor can
              be brought against him; however, no action shall be brought
              against him for a civil wrong that stems – directly or indirectly –
              from a contract made by him.

## Body corporate
10.    A body corporate shall not recover compensation for a civil wrong,
       unless it caused it damage.

## Joint tort-feasors
11.    If under the provisions of this Ordinance each of two or more persons is
       liable for a specific act, and if the act constitutes a civil wrong, then they
       shall be jointly liable for that act as joint tort-feasors and they can be
       sued for it jointly or severally.

## Liability of participant or enticer
12.    If a person participates, assists, advises or entices in or to an act or

omission committed or about to be committed by another person, or if he orders, authorizes or ratifies them, then – for purposes of this Ordinance – he shall be liable for them.

### Employer's liability

13. (a)   For purposes of this Ordinance, an employer shall be liable for an act committed by his employee –

        (1)   if he authorized or ratified the act;

        (2)   if the employee committed the act in the course of his employment; however –

            (a)   an employer shall not be liable for an act committed by a person who is not one of his employees, to whom one of his employees transferred his task without the employer's explicit or implicit authorization;

            (b)   a person who was statutorily obligated to use the services of a person he was not free to select, then he shall not be liable for any act committed by that person in the course of that employment.

    (b)   An act shall be deemed to have been committed in the course of an employee's employment, if the employee committed it while performing the ordinary tasks of his employment and those connected with it, even though the employee's act was an improper performance of an act authorized by the employer; however, an act shall not be so deemed if it was performed for the employee's own purposes and not in the employer's interest.

    (c)   For purposes of this section, "act" includes omission.

### Liability of principal

14. If a person employs an agent who is not his employee for the performance of an act or of a category of acts for him, then – for purposes of this Ordinance – he shall be liable for everything the agent does in the performance of that act or category of acts, and for the manner in which he performs them.

### Liability of a contracting party

15. If a person makes a contract with another person who is not his employee or agent, so that he will perform a certain act for him, then – for purposes of this Ordinance – he shall not be liable for any civil wrong that arises while that act is being performed; this provision shall not apply in any of the following cases:

    (1)   he was negligent in choosing the person with whom he made the contract;

    (2)   he interfered in the contracting party's work in a manner that caused the injury or damage;

    (3)   he authorized or ratified the act that caused the injury or damage;

(4) by virtue of an enactment he was responsible performing the act, performance of which he delegated to an independent contractor;

(5) the act, the performance of which was contracted, was unlawful.

## Saving of liability

16. The provisions of sections 12, 14 and 15 shall not derogate from any person's liability for an act committed by him, and the provisions of section 13 shall not derogate from the employee's liability for an act he performed.

## Agent's or employee's knowledge

17. Wherever knowledge is to be argued or proven under this Ordinance, an agent's or employee's knowledge shall be treated like his principal's or employer's knowledge, on condition that the knowledge was acquired by the agent while he acted for his principal, or by the employee in the course of his employment in respect of the matter or thing about which the knowledge is required.

## Spouse

18. A spouse shall not be liable for a civil wrong committed by his spouse, except under the provisions of sections 11 to 16.

## Effect of death on grounds for action

19. (a) When a person has died, then all grounds for an action for a civil wrong that existed for or against him shall remain in effect – subject to the provisions of this section – to the benefit of or against his estate, all as the case may be.

(b) If grounds for an action remain in effect as aforesaid to the benefit of the deceased person's estate, and if the act or omission that created the grounds caused his death, then the compensation that can be recovered to the benefit of the estate shall be calculated without regard for the profit or loss caused to the estate in consequence of the death, but an amount for funeral expenses may be included in it.

(c) If damage was suffered because of an act or omission that could have been grounds for an action for a civil wrong against a person, except that that person died before or while the damage was caused, then – for purposes of this Ordinance – the grounds for action which would have existed against him because of the act or omission, if he had died after the damage was caused, shall be deemed to have existed against him before he died.

(d) The rights conferred by this Ordinance on a deceased person's estate shall add to and not derogate from the rights available to the deceased person's dependents under this Ordinance or under any other enactment.

**Insolvent estate**

20.   If an action under section 19 can be brought against an insolvent estate, then every obligation for the grounds of the action shall be deemed a debt that can be proven against the estate, even if – by its nature – it is a claim for an unspecified amount of compensation for damage which does not stem from a contract, an undertaking or a breach of trust.

**Bankrupt**

21.   Notwithstanding the provisions of the Bankruptcy Ordinance 1936, a bankrupt can be a plaintiff or a defendant for a civil wrong, but no action for a civil wrong shall be brought to the credit of or against the assets of a bankrupt; however –

    (1)   the right to bring action for a civil wrong that caused monetary damage to the assets of a bankrupt shall pass to the trustee or shall be realized by him;

    (2)   a judgment against a bankrupt for a civil wrong, which was made before the receiving order was made may be proven in bankruptcy;

    (3)   this section is subject to the provisions of section 19.

**No endorsement of a civil wrong**

22.   The right to any relief for a civil wrong, as well as the liability for it cannot be endorsed to another, except by operation of Law.

### CHAPTER THREE: CIVIL WRONGS

### Article One: Assault

**Assault**

23.   (a)   Assault is the intentional use of any kind of force – directly or indirectly – against a person's body by hitting, touching, moving it or in any other manner without that person's consent or with his consent that was obtained by deceit, and also an attempt or threat – by act or gesture – to use aforesaid force against a person's body, when the person who makes the attempt or threat causes the other person to assume – for reasonable cause – that he then has the intention and the ability to carry out his intent.

    (b)   "Use of force" includes, for purposes of this section, the use of heat, light, electricity, gas, odor or any other thing or material, if it is used to a degree that can cause harm.

**Special defense**

24.  In an action for assault, it shall be a defense for the defendant if –

(1)  he committed the act reasonably in order to defend himself or another person against injury to body, freedom or property and if the proportion will be reasonable between the damage he could assume will be caused by the act and the damage that he could assume will prevented by him;

(2)  he used a reasonable measure of force to prevent the plaintiff from entering real estate unlawfully or in order to remove him therefrom after he entered it or stayed on it unlawfully, all while the defendant was its occupant or acted by the occupant's authority; however, if the plaintiff entered or tried to enter the real estate without use of force, then the defense shall be conditional on the defendant having first asked the plaintiff not to enter, or to leave after he entered, and on having given him a reasonable opportunity to comply peaceably with his request;

(3)  he used a reasonable degree of force to defend his possession of movables which he is entitled to hold, or to retrieve them from the plaintiff who took them or held them unlawfully; however, if the plaintiff took or tried to take the movables without use of force, then the defense shall be conditional on the defendant having first asked the plaintiff not to take them, or to return them after he took them, and on having given him a reasonable opportunity to comply peaceably with his request;

(4)  he committed the act while he executed or assisted in the lawful execution of an arrest order, search warrant, committal, imprisonment order or detention order issued by a Court or by another authority authorized to do so, on condition that the act against which complaint is lodged was permitted by those orders, even if there was a defect in them or in their issue;

(5)  the plaintiff was insane or mentally or physically impaired and the degree of force used by the defendant was reasonable or appeared to be reasonable to the degree required in order to protect the plaintiff himself or to protect other persons, and that force was used in good faith and without malice;

(6)  the defendant and the plaintiff both were soldiers in the Israel Defense Forces and the defendant acted by virtue of a statute that applies to the Forces and under that statute;

(7)  repealed

(8)  he performed in good faith an act which he had reason to believe would be to the plaintiff's benefit, but was not able to obtain the plaintiff's consent before he performed it, because – under the given circumstances – the plaintiff was not able to indicate his consent or the person lawfully in charge of him was not able to consent on his behalf, and the defendant had grounds to

conclude that the plaintiff's welfare required that the act not be postponed.

25.  Repealed

## Article Two: Imprisonment

**False imprisonment**
26.  False imprisonment is the unlawful total deprivation – for any time whatsoever – of a person's freedom, either by physical force or by pretending to hold authority.

**Special defense**
27.  In an action for false imprisonment, it shall be a defense of the defendant if –
    (1)  he committed the act while he executed or lawfully assisted in the execution of an arrest order, search warrant, committal, imprisonment order or detention order issued by a Court or by another authority authorized to do so, on condition that the act against which complaint is lodged was permitted by those orders, even if there was a defect in them or in their issue;
    (2)  the plaintiff was under lawful detention under provisions of an enactment;
    (3)  the plaintiff being insane or mentally or physically impaired, the denial of his liberty was or appeared to be reasonably necessary to protect the plaintiff himself or to protect other persons, and it was performed in good faith and without malice;
    (4)  the person who committed the act about which the plaintiff complains would have been liable to penalties under any enactment, had he failed to perform it;
    (5)  the defendant and the plaintiff both were soldiers in the Israel Defense Forces and the defendant acted by virtue of the statute that applies to the Forces and under that statute;
    (6)  the defendant is the plaintiff's parent, guardian or teacher, or his relationship with the plaintiff is similar to that of his parent, guardian or teacher, and he denied the plaintiff's freedom only temporarily for a time reasonably necessary for his correction.

28.  Repealed

### Article Three: Trespass

**Trespass on real estate**

29.  Trespass on real estate consists of unlawful entry into real estate or unlawful damage to or interference with real estate by a person; however, the plaintiff cannot recover compensation for trespass on real estate, unless he suffered monetary damage thereby.

**Burden of proof**

30.  In an action for trespass on real estate, the defendant shall bear the burden of proof that the act complained about was not unlawful.

**Trespass in respect of movables**

31.  Trespass in respect of movables consists of the unlawful removal of movables from the possession of another person, or of violent interference with them while they are in the possession of another person; however, the plaintiff cannot recover compensation for trespass in respect of movables, unless he suffered monetary damage thereby.

**Burden of proof**

32.  In an action for trespass in respect of movables, the defendant shall bear the burden of proof that the act complained about was not unlawful.

**Mistake about ownership or possession**

33.  A mistake about ownership or possession – even a mistake in good faith and also the intention to act for the true owner's benefit – is no justification for interference with another person's property; however –

  (1)  if a person hauls goods or undertakes the carriage or storage of goods as a public service, then he does not commit trespass by handling the goods in the manner common for that service and only according to instructions from and on behalf of the person who delivered the goods to him for that purpose, on the assumption in good faith that the person who delivered the goods was entitled to handle them;

  (2)  a worker or employee does not commit trespass by handling an asset in the manner common for that work and in the manner authorized by his employer, assuming in good faith that his employer is entitled to authorize that manner of handling.

**Claim of right is not trespass**

34.  A mere claim of the right to handle an asset or to prevent another person from handling it does not constitute trespass.

34A. Repealed

## Article Four: Negligence

**Negligence**
35.  If a person committed an act which a reasonable and prudent person
     would not have committed under the same circumstances, or if a
     person refrained from committing an act which a reasonable and
     prudent person would have committed under the same circumstances,
     or if, in a certain occupation, he did not use the skill or exercise the
     degree of caution that a reasonable person qualified to act in that
     occupation would have used or exercised under the same
     circumstances – then that constitutes neglect; if he was negligent as
     aforesaid in respect of another person, toward whom under those
     circumstances he is under obligation not to act as he did, then that
     constitutes negligence, and a person who by his negligence causes
     damage to another commits a civil wrong.

**Obligation toward all persons**
36.  The obligation said in section 35 is toward all persons and toward the
     owner of any asset, to the extent that under the same circumstances a
     reasonable person would have foreseen that, in the ordinary course of
     events, they were liable to be injured by the act or omission specified in
     that section.

**Responsibility of real estate owner toward trespasser**
37.  The responsibility under sections 35 and 36 of an owner or occupant of
     real estate in respect of the condition, maintenance and repair of the
     real estate, shall not obtain toward a person who entered the real
     estate as a trespasser, unless the plaintiff proves that he entered in
     good faith and without intention to commit an offense or a civil wrong.

**Obligation toward trespasser in a military area**
37A. (a)   The responsibility under sections 35 and 36 in respect of the
           condition, maintenance and repair of a military area or in respect
           of its use shall not obtain toward a person who entered that area
           as a trespasser, unless the plaintiff proves that he entered in good
           faith and without intention to commit an offense or a civil wrong,
           and that the person responsible for that area or the one who acts
           on his behalf at the entrance knew that the person who entered
           was present in that area when the damage was caused.
     (b)   In this section, "military area" –
           (1)  real estate occupied by the Israel Defense Forces or by any
                other branch of the defense establishment approved for this
                purpose by the Minister of Defense;
           (2)  real estate used for a defense purpose, a guard having been

posted at its entrance or entry to it having been restricted by notice displayed outside it;

(3)  real estate on which there are installations intended to prevent entry into or exit from Israel; for this purpose, certification by a person authorized for this purpose by the Minister of Defense, that the installation is intended to prevent entry into or exit from Israel, shall be conclusive evidence of that fact.

(c)  This section shall apply only during a period in which there is a state of emergency in the State, by virtue of a declaration under section 9(a) of the Law and Administration Ordinance 5708-1949.

### Burden of proof of negligence when damage is caused by dangerous objects

38.  If action was brought for damage, and if it was proved that the damage was caused by a dangerous object, other than fire or an animal, or by the escape of anything that is liable to cause damage by escaping, and that the defendant was the owner of that object or was in charge of it or occupied the asset from which the object escaped, then the defendant shall bear the burden of proving that – in respect of the dangerous or escaped object – there was no neglect for which he is liable.

### Burden of proof of negligence in respect of fire

39.  If action is brought for damage, and if it is proved that the damage was caused by fire or in consequence of fire and that the defendant lit the fire or was responsible for lighting the fire, or that he occupies the real estate or is the owner of the movables from which the fire emerged, then the defendant shall bear the burden of proving that in respect of the source or spread of the fire there was no neglect for which he is liable.

### Burden of proof of negligence in respect of animals

40.  If action is brought for damage, and if the following two points are proved in its respect –

(1)  that the damage was caused by a wild animal, or by an animal that is not a wild animal, but the defendant knew or should have known that it is liable to do whatever caused the damage;

(2)  that the defendant was the owner of one of the aforesaid animals or was in charge of it;

then the defendant shall bear the burden of proving that in its respect there was no neglect for which he is liable.

### Burden of proof in case of negligence when the facts speak for themselves

41.  If action is brought for damage, and if it is proven that the plaintiff had

no information and could not have any information of the actual circumstances that caused the event which caused the damage, and that the damage was caused by an asset over which the defendant had full control, and if it appears to the Court that the occurrence of the event which caused the damage is more consistent with the conclusion that the defendant did not take reasonable precaution, rather than with the conclusion that he did take reasonable precaution – then the defendant shall bear the burden of proving that in respect of the event that caused the damage there was no neglect for which he is liable.

## Article Four "A": Injury by a Dog

### Damage caused by a dog

41A. In an action for bodily injury caused by a dog, the dog's owner or the person who regularly kept the dog (hereafter: the owner) shall compensate the injured person, and it does not matter whether or not there was neglect on the part of the owner.

### Defenses

41B. In an action under this Article the owner shall have no defense, unless the damage was caused in consequence of one of the following:
(1)   the injured person provoked the dog;
(2)   the injured person assaulted the owner, his spouse, parent or child;
(3)   the injured trespassed on the owner's real estate.

### Saving of statutes

41C. This Article shall not derogate from other rights under this Ordinance or under any other statute.

## Article Five: Nuisances

### Public nuisance

42.   A public nuisance is an unlawful act or the omission of a legal obligation, when that act or omission endangers the life, safety, health, property or comfort of the public, or when it interferes with the public's use of a common right.

### Action for public nuisance
43.  An action for a public nuisance shall be brought only –
    (1)  by the Attorney General or his representative, in order to obtain an injunction;
    (2)  by a person who suffered monetary damage from it.

### Private nuisance
44.  (a)  A private nuisance is the conduct of a person, the management of his business or the use of real estate occupied by him in a manner that constitutes real interference with the reasonable use or reasonable enjoyment of another person's real estate, taking their location and character into consideration; however, a person shall not recover compensation for a private nuisance, unless he suffered damage from it.
    (b)  The provisions of this section shall not apply to an obstruction of sunlight.

### Special defense
45.  In an action for a private nuisance, it shall be a defense that the act complained of was committed in compliance with the terms of a contract or agreement that obligates the plaintiff and operates to the defendant's benefit.

### Existing nuisance
46.  In an action for a private nuisance, the mere fact that the nuisance existed before the plaintiff acquired or occupied the real estate in question shall not be a defense.

### Saving of other enactments
47.  The provisions of sections 42 to 46 shall add to and not derogate from provisions on nuisances prescribed in any other enactment.

### Obstruction of sunlight
48.  A person commits a civil wrong if – by blocking or by other means – he prevents an owner or occupant of real estate from enjoying a reasonable amount of sunlight, taking the location and character of the real estate into consideration, after the owner or occupant or their predecessor continuously enjoyed that light – otherwise than on the terms of a contract or agreement – during at least fifteen years immediately before the blockage or prevention.

### Denial of support
48A.  If real estate provides support for neighboring real estate, then any act that prevents or denies that support constitutes a civil wrong.

**Use needed for the public interest**

48B. If use of any real estate is needed in the public interest, then it shall not constitute a nuisance within the meaning of this Article, even if it causes damage to neighboring real estate or deprives the owner of neighboring real estate of the full enjoyment thereof, on condition that the damage caused not exceed tolerable proportions and that the user took reasonable steps to reduce the damage as far as possible; however, the Court may award compensation – either in a lump sum or in recurrent payments – if monetary damage is caused to the owner of the real estate.

## Article Six: Misappropriation

**Unlawful retention of asset**

49. Unlawful retention consists of withholding movables from a person who is entitled to their immediate possession.

**Burden of proof**

50. In an action brought for unlawful retention the defendant shall bear the burden of proving that the withholding was lawful.

**Return of retained property**

51. In an action brought for unlawful retention the Court may order – according to the circumstances – that the retained property be returned, in addition to any other relief prescribed in this Ordinance or in place of a said relief.

**Robbery**

52. Robbery consists of the unlawful transfer by the defendant for his own use of movables which the plaintiff is entitled to hold, by way of the defendant taking, retaining, destroying or delivering them to a third person, or by denying them to the plaintiff in some other manner.

**Special defense**

53. In an action brought for robbery it shall be a defense for the defendant if he bought the movables in good faith in accordance with section 34 of the Sale Law 5728-1968.

**Right of third person is not a defense**

54. In an action brought for robbery the defendant shall not be able to raise the right of a third person in his defense against the person entitled to possess the movables immediately.

**Return of robbed property**

55.  In an action brought for robbery the Court may order – according to the circumstances – that the robbed property be returned, in addition to any other relief prescribed in this Ordinance or in place of said relief.

### Article Seven: Fraud

**Deceit**

56.  Deceit is the false representation of a fact, made in the knowledge of its falsehood or without belief in its truth or recklessly, the presenter being indifferent to whether it is true or false, and with the intention that the person deceived by the presentation act in accordance with it; however, no action shall be brought for a said presentation, unless it was intended to mislead the plaintiff, did mislead him and the plaintiff acted according to it and thereby suffered monetary damage.

**Restriction on action for certain deceits**

57.  No action shall be brought for a presentation said in section 56, which was made about a person's character, conduct, credit, ability, craft or occupation in order to obtain credit, money or goods for him, unless the presentation was in writing and signed by the defendant himself.

**Injurious lie**

58.  (a)  An injurious lie consists of the malicious publication – orally or in any other manner – of a false statement about a person's business, occupation, profession, goods or property rights; however, a person shall not recover compensation for such publication, unless he suffered monetary damage from it.

  (b)  For purposes of this section, "publication" – within its meaning in section 2 of the Prohibition of Defamation Law 5725-1965.

59.  Repealed

### Article Eight: Persecution

**Persecution**

60.  Persecution consists of actually and maliciously bringing against a person a senseless proceeding – criminal, for bankruptcy or for winding up – without reasonable or probable cause, and the proceeding injured his credit or reputation or if it endangered his freedom and was concluded in his favor, if it was likely to be so concluded; however,

action shall not be brought against a person for persecution only because he delivered information to a competent authority, which instituted proceedings.

61. Repealed

## Article Nine: Causing Breach of Contract

**Unlawfully causing breach of contract**

62. (a)  If a person knowingly and without sufficient justification causes a person to break a legally binding contract between him and a third person, then he commits a civil wrong toward that third person; however the third person cannot recover compensation for that civil wrong, unless he suffered monetary damage from it.

(b)  For purposes of this section, the relations created by marriage shall not be deemed a contract, and strikes and lockouts shall not be deemed breaches of contract.

## Article Ten: Breach of Statutory Obligation

**Breach of statutory obligation**

63. (a)  A person commits a breach of a statutory obligation if he does not comply with an obligation imposed on him under any enactment – other than this Ordinance – if the enactment, properly interpreted, is intended for the benefit or protection of another person, and if the breach caused that person damage of the kind or nature of damage intended by the enactment; however, the other person shall not – in respect of the breach – be entitled to relief specified in this Ordinance, if the enactment, properly interpreted, intends to exclude that relief.

(b)  For purposes of this section an enactment shall be deemed to have been enacted for the benefit or protection of a certain person, if – as properly interpreted – it is intended for the benefit or protection of that person, or for the benefit or protection of persons in general or of persons of a category or definition to which that certain person belongs.

## CHAPTER FOUR: FAULT

### Causing damage by fault

64.   "Fault" consists of a person's act or omission, which constitutes a civil wrong under this Ordinance, or constitutes a civil wrong that involves damage, or constitutes neglect that caused harm to himself, and a person shall be deemed to have caused damage by his fault if the fault was the cause or one of the causes of the damage; however, he shall not be so deemed if one of the following holds true:

(1)   the damage was caused by an unusual natural event, which a reasonable person could not have foreseen and even reasonable caution could not have prevented its results;

(2)   another person's fault was the decisive cause of the damage;

(3)   he is a child and has not yet reached age twelve, and he is the one who suffered damage after another person invited him or allowed him to be on the asset on which or in connection with which the damage occurred, or permitted him to be so near to that asset so that – in the ordinary cause of events – he was liable to be injured because of that person's fault.

### Plaintiff's conduct

65.   If a defendant caused damage by fault, but the fault was caused by the plaintiff's conduct, then the Court may exempt him from the liability to compensate the plaintiff, or it may reduce the compensation to an extent deemed just by the Court.

### Defendant's conduct

66.   If both the plaintiff and the defendant caused damage by their fault, but the plaintiff's fault was caused by the defendant's conduct, then the Court may increase the compensation which the defendant would have been liable to pay, were it not for the provisions of section 64, on condition that it not exceed the amount which he would have been liable to pay, had not also the plaintiff caused the damage by his fault.

### Definition of a person's fault

67.   A person's fault for purposes of sections 64 to 66 includes the fault of anybody for whom that person is responsible, and that when no other meaning has to be drawn from the context.

### Contributory fault

68.   (a)   If a person suffered damage, in part because of his own fault and in part because of the fault of some other person, then a suit for

compensation shall not fail only because of the fault of the person who suffered the damage, but the compensation to be paid shall be reduced by a proportion which the Court finds appropriate and just, taking onto account the degree of responsibility of the person who sues because of the damage; however, the aforesaid shall not impede a defense derived from a contract, and if a contract or enactment that restricts liability applies to the claimant, then the person who sues for compensation shall not be paid more than was prescribed as aforesaid.

(b)    If compensation was reduced as said in subsection (a), then the Court shall determine and record the total amount of compensation which the claimant could have been paid, if not for his fault.

(c)    The provisions of sections 11 and 83 shall apply whenever two or more persons are liable under subsection (a) for damage caused to a person, or who would have been liable if they had been sued.

### Contributory fault that caused death

69.    If a person died in consequence of his own and of another person's fault, and if – had suit been brought under section 19 for the benefit of the estate – the Court would have reduced the compensation under section 68(a), then – if action is brought for the benefit of that person's dependents under section 78 – the compensation shall be reduced proportionately.

### Argument of prescription

70.    In every instance to which section 68(a) applies and in which one of the persons at fault denies his liability toward a certain person at fault or toward his legal representative by relying on the law of prescription, then he shall not be entitled to recover compensation or participation by virtue of that section from that certain person or from his representative.

## CHAPTER FIVE: RELIEFS FOR CIVIL WRONGS

### Every Court competent to give relief

71.    Every civil Court shall be competent within its jurisdiction to give relief against a civil wrong under this Ordinance, subject to the provisions of every legislative enactment that applies to that Court, and it may make an injunction in respect of a civil wrong, even if no compensation or other relief was sued for or adjudged.

**Injunction**

72.   An injunction can be a mandatory order or a restraining order, temporary or permanent.

**Conditions for making an injunction**

73.   The Court shall make a temporary injunction only if it is satisfied – by affidavit or in some other manner – that there is a substantive question which must be considered, and that it is fairly certain that the plaintiff will be entitled to relief, and that it will be difficult or impossible to do justice fully at a later stage, if a temporary injunction is not made.

**When an injunction must not be made**

74.   The Court shall not make an injunction when it believes that the injury or damage done to the plaintiff is small, that it can be evaluated in monetary terms, that it can be adequately compensated for by the payment of money, and that making an injunction would constitute harassment of the defendant; however, it may adjudge compensation.

**Saving of powers**

75.   The provisions of sections 72 to 74 shall add to the Court's powers to make injunctions under any other legislative enactment, and they shall not derogate from them.

**Compensation**

76.   Compensation may be adjudged alone, in addition to an injunction or in its place; however –

   (1)   if the plaintiff suffered damage, then compensation shall be given only for that damage which occurred in the natural course of events and resulted directly from the defendant's civil wrong;

   (2)   if the plaintiff suffered monetary damage, then compensation for the damage shall be given only if he provided particulars thereof in or attached to the statement of claim

**Relief taken only once**

77.   (a)   Subject to the provisions of sections 83 to 85, if a person recovered compensation or other relief for a civil wrong, and if a person claims through or by virtue of an aforesaid person, then he shall not recover additional compensation for the same civil wrong.

   (b)   A person shall not recover compensation or other relief for a civil wrong, if it also involves the violation of a contract or the violation of an obligation that is similar to a contractual obligation, and if a Court, tribunal or arbitrator already adjudged compensation for that violation to the same person or to the person by whose virtue he sues.

(c) A person shall not recover compensation or other relief for the violation of a contract or the violation of an obligation that is similar to a contractual obligation, if that violation also constitutes a civil wrong and if a Court already adjudged compensation for that civil wrong to the same person or to the person by whose virtue he sues.

## Dependents' right to compensation

78. If a civil wrong caused a person's death and if that person – had he not died – would at that time have been entitled to compensation under this Ordinance for a bodily injury caused to him by the civil wrong, then his spouse, parents and children shall be entitled to compensation from the person responsible for the civil wrong.

## Who is entitled to bring action

79. An action for compensation under section 78 shall be brought by the executor of the will, the estate administrator or the heirs of the deceased, for the benefit of his spouse, parents and children or to the benefit of those among them who still are alive; if no aforesaid action was brought within six months after the injured person's death, then any person to whose benefit it could have been be brought is entitled to bring it in the name of all or of some of them.

## Compensation and its calculation

80. In an action under section 78 particulars must be given about the people for whose benefit it is being brought and about the monetary loss each of them suffered in consequence of the injured person's death; compensation shall be given for the monetary loss which they actually suffered or which they actually will suffer in the future, including the costs of his burial; after legal expenses not collected from the defendant are deducted from the amount of compensation, the Court shall – when it makes its judgment – prescribe the share of the remaining amount to which each is entitled.

## Amounts not to be taken into account

81. When determining the amount of compensation, the following shall not be taken into account:
    (1) an amount received or to which there is entitlement upon the deceased person's death under an insurance contract;
    (2) an amount paid or which must be paid because of mourning for the deceased.

## Compensation and National Insurance benefits

82. (a) In the case of a person insured under Chapter Two of the National Insurance Law 5714-1953 (hereafter in this Chapter: the

Law) or of his dependent, as said in section 22(b) of the Law, who in consequence of an event is entitled both to compensation under this Ordinance from the employer and to a benefit under Chapter Two of the Law, then the benefit shall be subtracted from the amount of compensation that would have been due to them from their employer, if not for this section.

(b) For purposes of this section –

"benefit" – the monetary value of benefits, exclusive of benefits in kind. given or to be given in the future under Chapter Two of the Law, including injury allowance payable under section 38 of the Law, and it shall be deemed that a benefit reduced or denied because of an act or omission by the employee or nor given because another benefit was chosen under the Law was given or will be given in the future in its entirety; provisions by the Minister of Labor under section 49(b) of the Law on the capitalization of pensions and on the calculation of the monetary value of benefits in kind shall also apply to the determination of the monetary value of benefits under this subsection;

"employer" – a person who under the Law is under obligation to pay the insurance contributions for the insured person, including a person for whose acts the employer is responsible under section 13 of this Ordinance.

(c) Under the circumstances said in subsection (a) the employer shall not – for purposes of section 70 of the Law – be deemed a third party, rights against whom are transferred to the National Insurance Institute.

## Suit against and indemnification from joint tort-feasors

83. (a) If a person suffered damage in consequence of a civil wrong, then a judgment given against a person liable for that damage shall not prevent action being brought against another person who – had he been sued – would have been liable for that same damage as a joint tort-feasor.

(b) If several actions were brought for the same damage by the person who suffered it or to the benefit of his estate, his spouse, parent or child against tort-feasors liable for that damage – whether as joint tort-feasors or in some other manner – then the total amounts that can be recovered as compensation in judgments to be given in those actions shall not exceed the amount of compensation given in the judgment that was first handed down and was not cancelled on appeal, or as it was changed on appeal; and the plaintiff shall not be entitled to costs in all those actions, except in that in which the first said judgment was handed down, unless the Court believes that there was a

reasonable basis for bringing the action; if the first judgment was against an employer, within the meaning of the term in section 82 and under the circumstances specified there, then for purposes of this subsection the amount of compensation in the first judgment shall be replaced by the amount that would have been adjudged, if not for section 82.

### Indemnification between tort-feasors

84. (a) Every tort-feasor who is liable for a damage is entitled to recover participation from every other tort-feasor who is liable, or who – if sued – would have been liable for that damage as a joint tort-feasor or in some other manner; however, no person shall be entitled to recover participation under this subsection from a person entitled to indemnification from him for the liability in respect of which the participation is claimed.

(b) In proceedings on participation under this section the participation shall be in an amount to be prescribed by the Court on the basis of justice and fairness, taking into consideration the degree of the person's responsibility for the damage; the Court is competent to exempt a person from the obligation to participate or to order that a person's participation amount to full indemnification.

### Definition

85. "Civil wrong", in sections 83 and 84 – whether or not it constitutes a criminal offense, and the provisions of those sections shall not affect criminal proceedings for an unlawful act and they shall not make any agreement on indemnification enforceable, if it would not have been enforceable without those sections.

### Amount of insurance not to be taken into account of compensation

86. When compensation that must be paid for a civil wrong is assessed, any amount paid or due in respect of that civil wrong under an insurance contract shall not be taken into account.

### Compensation for slander in a newspaper

87. (a) If a plaintiff won a Court case against the owner of a newspaper for the publication of a slander in that newspaper, and if he demonstrates to the Court before which the action was heard that he cannot cause the judgment to be implemented by way of execution against the defendant's real estate or movables, then the Court may order the judgment to be executed against the persons who signed the guaranty provided by or on behalf of the defendant under section 5(1)(3) of the Press Ordinance and the guaranty given by the signatories of that document to be exercised, on condition that the signatories' liability not exceed their liability under the guaranty.

(b)  A plaintiff said in subsection (a) shall serve a copy of the Court order under this section on the Minister of Finance.

(c)  The Minister of Justice may make regulations to regulate the practice and law procedure in proceedings under this section, and he may prescribe the fees to be paid in them.

### Civil wrong that also is an offense

88.  If the facts on which an action for a civil wrong is based also constitute a criminal offense, then that shall not bar the action; however, if the Court that hears the action finds, at any stage of the proceedings, that the facts constitute or are liable to constitute a felony, then the Court shall stay continuation of the proceedings until it ascertains that the facts were communicated to or are known by the police.

### Beginning of period of prescription

89.  For purposes of the period of prescription in an action for a civil wrong, "the day on which grounds for the action arose" shall be one of the following:

(1)  if the grounds for the action are some act or omission – the day on which that act or omission occurred; if the act or omission is continuous – the day on which it ceased;

(2)  if the grounds for the action are damage caused by some act or omission – the day on which that damage occurred; if the damage was not discovered on the day on which it occurred – the day on which the damage was discovered, but in the latter case the action shall be prescribed if it was not brought within ten years after the day on which the damage occurred.

## CHAPTER SIX: MISCELLANEOUS

### Saving of enactments

90.  Nothing in this Ordinance shall be deemed to interfere with jurisdiction under Admiralty Law which is vested in a Court in Israel, or with the provisions of the Civil Law Procedure Amendment Law (The State as a Party) 5718-1958 or of any enactment repealed by it.

### Provisions on the adjudgment of "diyet"

91.  A Court, which is not a Moslem religious tribunal or a tribal tribunal shall not adjudge "diyet"; an aforesaid Court shall not adjudge "diyet" for an act for which compensation was adjudged under this Ordinance, and a Court shall not adjudge compensation under this Ordinance for an act in respect of which "diyet" was adjudged.

*CIVIL WRONGS - Ordinance, Law and Regulations - 2006*                    30

92.  The Minister of Justice may, with approval by the Knesset Constitution, Law and Justice Committee, change the Schedule.

**Effect**
93.  This New Version shall go into effect on October 1, 1968.

# SCHEDULE
(Section 92)
**Bodies Corporate Established by Law**

1.  Bank of Israel
2.  National Insurance Institute
3.  Employment Service
4.  Nature Preservation and National Parks Authority
5.  Agricultural Supervision Authority
6.  Securities Authority
7.  Antiquities Authority
8.  Second Authority for Television and Radio

# CIVIL WRONGS REGULATIONS (LIABILITY OF A PUBLIC SERVANT) 5766-2006

By virtue of my powers under sections 7B(c) and (d), 7C(a) and 7E of the Civil Wrongs Ordinance [New Version] 5744-1984 (hereafter: the Ordinance), and with approval by the Knesset Constitution, Law and Justice Committee I make these regulations:

## CHAPTER ONE: INTERPRETATION

**Definition**
1.    In these regulation, "Law Procedure Regulations" – the Civil Law Procedure Regulations 5744-1984.

## CHAPTER TWO: NOTICE OF ACTION BROUGHT AGAINST A PUBLIC SERVANT

**Obligation to give notice of action brought against a public servant**
2.    (a)    When action has been brought against a public servant who is a State employee, as said in section 7B of the Ordinance, then the plaintiff shall give notice that it was brought to the office of the Attorney of the District, in which the Court that hears the action sits, or to the legal counsel of the Knesset, as the case may be; a copy of the writ of claim shall be attached to the notice.

  (b)    When action has been brought against a public servant who is a public authority employee, as said in section 7C of the Ordinance, then the plaintiff shall give notice that it was brought to the to the legal counsel of the public authority; a copy of the writ of claim shall be attached to the notice.

  (c)    A notice under subregulation (a) or (b) shall be drawn up according to Form 1 in the Schedule.

**Time and manner of delivering the notice**
3.    A notice said in regulation 2 shall be served on the State or on the public authority, as the case may be, at the time at which the writ of claim is served on the public servant; the provisions of Chapter 32 of the Law Procedure Regulations shall apply to service of the notice, mutatis mutandis and subject to the provisions of these regulations.

## CHAPTER THREE: NOTICE BY THE STATE RECOGNIZING THE EMPLOYEE'S ACT AS PERFORMED AS PART OF HIS GOVERNMENTAL RESPONSIBILITIES

**Conditions for giving notice of recognition of the act**

4.    In respect of a public servant that is a State employee, the State shall give the Court notice that it recognizes that the act performed by the employee was performed in the course of exercising his governmental function, as said in section 7B(a) of the Ordinance (hereafter: notice of recognition), if all the following hold true:

    (1)    the act was performed as part of the employee's Governmental function;

    (2)    the act was not performed knowingly with the intent to cause damage or with indifference to the possibility that damage would be caused by the said act.

**Serving a notice of recognition**

5.    A notice of recognition in respect of –

    (1)    a State employee – shall be served by the Attorney General or by a person he authorized to do so;

    (2)    a State employee that is a Knesset employee – shall be served by the legal counsel of the Knesset.

**Drawing up a notice of recognition and the period for its service**

6.    (a)    If the State is a party to the action, then the notice of recognition shall be submitted to the Court together with the writ of defense on behalf of the State, and a copy thereof shall be served on the parties.

    (b)    If the State is not a party to the action, then the notice of recognition shall be submitted to the Court within the period prescribed in the Law Procedure regulations for the submission of writs of defense and a copy thereof shall be served on the parties; the writ of defense on behalf of the State shall be submitted within thirty days after the day on which the Court ordered the State to be joined as a party to the action, under the provisions of section 7B(a) of the Ordinance.

    (c)    A notice of recognition shall be drawn up according to Form 2 in the Schedule; certification by the Attorney General or by the legal counsel of the Knesset shall be attached.

**Times for the submission of petitions under section 7B of the Ordinance**

7.    (a)    A plaintiff's petition under section 7B(c) of the Ordinance, that the Court determine that the conditions of immunity under section 7A do not apply, shall be submitted to the Court within 14 days after

submission of the State's petition under section 7B(b) of the Ordinance to dismiss the action against the State employee.

(b)   The State employee's petition, that the Court determine that the conditions of immunity under section 7A do apply, shall be submitted to the Court within 14 days after the last day for the submission of a notice as said in regulation 6.

## CHAPTER FOUR: BRINGING ACTION AGAINST A PUBLIC SERVANT WHO IS A PUBLIC AUTHORITY EMPLOYEE

### Certification by the legal counsel of the public authority

8.   A public authority's petition under section 7C(a) of the Ordinance, that the Court determine that the conditions of immunity under section 7A do apply, shall be submitted to the Court after certification by the legal counsel of the public authority was obtained; the certification by the legal counsel of the public authority shall be attached to the petition.

### Times for the submission of petitions under section 7C of the Ordinance

9.   A public authority's petition or a public authority employee's under section 7C(a) of the Ordinance, that the Court determine that the conditions of immunity under section 7A do apply, shall be submitted to the Court within thirty days after the writ of claim was served on the public authority or on the public authority employee, as the case may be; a copy of the petition shall be served on the parties.

## CHAPTER FIVE: SUBMITTING AND DECIDING A PETITION ON THE APPLICABILITY OF CONDITIONS OF IMMUNITY

### Submitting a petition under sections 7B(b), 7B(d) or 7C(a)

10.   The provisions of Article One of Chapter Twenty of the Law Procedure regulations shall apply to the submission of petitions under sections 7B(c) or (d) or 7C(a) of the Ordinance, mutatis mutandis and subject to the provisions of these regulations.

### Decision on a petition

11.   (a)   All makers of affidavits shall appear on the prescribed date for interrogation on their affidavits, unless the Court decides otherwise.

(b)   Hearings on a petition shall be completed on one day; if the Court

deems it necessary, it may set days, in sequence as far as possible, for additional hearings, until the witnesses' interrogation has been concluded.

(c)  Until seven days before the date set for hearings, the parties may submit to the Court, in writing, lists of legal documentation and main points of argument; the parties' arguments shall be summarized orally on the day of the hearing, after presentation of evidence was concluded.

(d)  The Court shall hand down its decision on a petition, at the latest within 14 days after hearing the petition was concluded, and before making any other decision on the action.

### Submitting a writ of defense in an action against a public authority employee

12.  If the Court decided under section 7C(a) of the Ordinance – on the petition by the public authority or by the public authority employee – that the conditions of immunity under section 7A do apply, then the public authority shall submit a writ of defense within thirty days after the Court's decision was handed down, if it had not submitted it previously; if the Court decided that the conditions of immunity do not apply, then the employee shall submit a writ of defense within thirty days after the Court's decision was handed down.

### Submitting a writ of defense in an action against a government employee

13.  If the State did not submit a notice of recognition, and if on the employee's petition under section 7B(d) of the Ordinance the Court decided that the conditions of immunity under section 7A do apply, then the State shall submit a writ of defense within thirty days after the Court's decision was handed down, if it had not submitted it previously; if the State submit a writ of defense, and if the on petition by the plaintiff under section 7B(c) of the Ordinance the Court decided that the conditions of immunity under section 7A do not apply, then the State employee shall submit a writ of defense within thirty days after the Court's decision was handed down.

### Appeal

14.  The time for bringing appeal or petitioning for permission to appeal, as the case may be, against a decision by the Court on petitions under sections 7B(c) or (d) and 7C(a) of the Ordinance, is thirty days after the decision was handed down.

## CHAPTER SIX: MISCELLANEOUS

### Applicability of the Civil Law Procedure Regulations
15.  The Court shall deal with any procedural matter, for which there is no provision in these regulations, according to the provisions of the Civil Law Procedure Regulations.

### Effect
16.  These regulations shall be in effect from February 10, 2006.

## SCHEDULE

Form 1
(Regulation 2(c))

To the _____ Court
in _____ .
file _____

_____
vs.

_____
Notice of action brought against a public servant
Notice is hereby given that on _____ action was brought against a public servant who is a State / public authority employee (cross out the superfluous) in the Court in _____ under the Civil Wrongs Regulations (Liability of a Public Servant) 5766-2006 (hereafter: the regulations).

*    If the public servant is a State employee, then under regulation 6 a written notice of recognition must be submitted to the Court no later than on _____ and a copy thereof shall be served on the parties

*    If the public servant is a public authority employee, then under regulation 9 written application must be made no later than on _____, asking the Court to determine whether conditions of immunity under section 7A of the Civil Wrongs Ordinance apply, and a copy thereof shall be served on the parties and to the public authority (if it is not a party).

Date: _____ .    Name of person who gives the notice: _____.

Signature:_____.

*CIVIL WRONGS - Ordinance and Regulations*                                    **36**

                                                                    **Form 2**
                                                                 **(Regulation 6(c))**

To the _____ Court
in _____
file _____

_____

vs.

_____

**Notice that immunity under section 7A of the Civil Wrongs Ordinance
[New Version] (hereafter: Civil Wrongs Ordinance) applies, and
petition to dismiss the action against the defendant
No. _____.**

(1)    Under the provisions of section 7B of the Civil Wrongs Ordinance,
       notice is hereby given that the defendant no._____., Mr. / Ms._____ ,
       ID No_____, has immunity against actions for a civil wrong in respect
       of the event that is the subject of the action, in accordance with the
       provisions of section 7A of the Civil Wrongs Ordinance.

(2)    The reasons for the immunity are as follows: (specify why the
       conditions of immunity apply): _____

       _____

(3)    The Honorable Court is requested to dismiss the action against him /
       her.

Date: _____

Name and position of person who gives the notice _____

                                    Signature: _____

# CIVIL WRONGS (LIABILITY OF THE STATE) LAW 5712-1952

**Interpretation**

1.    In this Law –

"the Ordinance" means the Civil Wrongs Ordinance 1944;

"act" includes "omission";

"liability in tort" means liability under the Ordinance for an act committed after this Law went into effect;

"act of war" – includes any act of combating terrorism, hostile acts or uprisings, and also acts for the prevention of terrorism, hostile acts or uprisings carried out under circumstances that endanger life and limb;

other terms shall have the meaning they have in the Ordinance.

**The State's liability in tort**

2.    In respect of liability in tort the State shall be treated like any incorporated body, except for the provisions below in this Law.

**Acts in the scope of lawful authorization**

3.    The State shall not be liable in tort for any act performed within the scope of a lawful authorization, in reasonable confidence in good faith of the existence of lawful authorization; however, it is responsible for actual negligence.

4.    Repealed

---

*NOTE: In respect of actions brought until February 10, 2006, sections 3 and 4 shall still be deemed to read as follows:*

**" Acts in the scope of lawful authorization**

3.    The State shall not be liable in tort for an act carried out within the scope of lawful permission, or in good faith while using what appears to be lawful permission; however, it is responsible for actual negligence.

**Slander**

4.    The State is not liable in tort for slander."

---

**Act of war**

5.    The State is not liable in tort for any act performed by an act of war of the Israel Defense Forces.

**Actions because of Israel Defense Force activities in an area**

5A. Any action against the State or against any agent of the State in respect of damage caused in an area in consequence of any act performed by the Israel Defense Forces (in this section : action) shall be heard subject to the provisions of this section.

(1)   In this section –

"area" – each of the following: Judea, Samariah and the Gaza district;

"Israel Defense Forces" – including other security forces of the State of Israel, which operate in an area;

(2)   (a)   a Court shall hear an action only if the injured person or his guardian or someone else on his behalf gave written notice of the act that is the subject of the action, as shall be prescribed in Regulations;

(b)   the notice shall be given within sixty days after the act; however, if the plaintiff or his guardian could not – because of the state of his health or because of some other justified reason – give the notice within the said time, then the notice shall be given within 30 days after the hindrance was removed;

(c)   if the plaintiff died and the notice was not given while he still was alive, and if the time for giving the notice said in subsection (b) has not yet passed, then the notice shall be given by his dependents or by his estate or by some other person on their behalf within 60 days after his death;

(d)   notwithstanding the provisions of this paragraph, the Court may – because of special reasons that shall be recorded – hear an action in respect of an act of which notice was not given on time;

(3)   a Court shall not hear an action brought later than two years after the act that is the subject of the action, but the Court may – if it is satisfied that the plaintiff had no reasonable opportunity to bring the action within the said period – extend the period by not more than one additional year; if the plaintiff was a minor on the day the act was performed, then the said extension shall not be longer than three years;

(4)   the provisions of sections 38 and 41 of the Civil Wrongs Ordinance [New Version] shall not apply to hearings of an action, but the Court may decide that the provisions of the said sections shall apply, if it concludes that that is justified under the circumstances of the case and for reasons that shall be recorded;

(5)   if the Court concludes that the State was denied a fair opportunity to defend against an action, in consequence of the fact that the Palestine Council did not comply with the provisions on legal aid in accordance with the agreement, then it may – after it has given the parties an opportunity to present their arguments on that

matter – dismiss the action;in this paragraph –

"the agreement" – as defined in the Extension of Emergency Regulations (Judea, Samariah and the Gaza District – Adjudication of Offenses and Legal Aid) Regulations 5728-1967;

"Palestine Council" – like the definition of "Council" in the said Law;

(6)    The Minister of Defense is charged with the implementation of this section and he may – in consultation with the Minister of Justice and with approval by the Knesset Constitution, Law and Justice Committee – make regulations on anything connected with its implementation.

### Action by an enemy or member of a terrorist organization

5B.    (a)    Notwithstanding the provisions of any statute, the State is not liable in tort for damage caused to a person specified in paragraphs (1), (2) or (3), other than damage caused in categories of actions or to categories of plaintiffs said in Schedule One –

(1)    a subject of an enemy state, unless he is in Israel legally;

(2)    an activist or member of a terrorist organization;

(3)    a person harmed while he acted for or on behalf of the subject of an enemy state, of a member or activist of a terrorist organization.

(b)    In this section –

"enemy" and " terrorist organization" – as defined in section 91 of the Penal Law 5737-1977;

"the State" – including any authority, body or person that acts on its behalf.

### Actions in a confrontation area

5C.    (a)    Notwithstanding the provisions of any statute, the State is not liable in tort for damage caused in a confrontation area because of an act performed by security forces, other than damage caused in categories of actions or to categories of plaintiffs said in Schedule Two.

(b)    (1)    The Minister of Defense shall appoint a committee, which shall be authorized to approve – under special circumstances – ex gratia payment to applicants to whom subsection (a) applies, and to set the amount thereof.

(2)    The committee's members shall be –

(1)    an advocate qualified to be appointed district judge, and he shall be the chairman; the Minister of Defense shall appoint the chairman in consultation with the Minister of Justice;

(2)    a representative of the Ministry of Defense;

(3)    a representative of the Ministry of Justice;

(3)    The Minister of Defense shall, in consultation with the Minister of Justice and with approval by the Knesset Constitution, Law and Justice Committee, prescribe the threshold conditions for submitting applications to the committee, the manner of submitting the application, the committee's procedure and the criteria for making ex gratia payments.

(c)    The Minister of Defense may declare an area to be a confrontation area; when the Minister has so declared, then in the declaration he shall set the boundaries of the confrontation area and the period, during which the declaration shall apply; notice of the declaration shall be published in Reshumot.

(d)    When notice under section 5A(2) (in this section: written notice) has been given, then the following provisions shall apply:

(1)    if the Minister of Defense declared the area in which the damage was caused to be a confrontation area – then within 30 days after the notice was received by the Ministry of Defense the declaration shall be brought to the knowledge of the person who gave the written notice;

(2)    if the Minister of Defense did not declare the area in which the damage was caused to be a confrontation area, then he may – within 90 days after receipt of the written notice – declare the area to be a confrontation area; when he has so declared, then within the said 90 day period he shall bring the declaration to the knowledge of the person who gave the written notice; if the Minister of Defense declared the said area to be a confrontation area after the said 90 day period, then the Court may – for special reasons that shall be recorded – accept the argument that the damage that is the subject of the notice was caused in a confrontation area;

(3)    not bringing the declaration of a confrontation area to the knowledge of the person who gave written notice, as said in paragraphs (1) and (2), shall not derogate from the effect of the declaration under subsection (c);

(4)    The Minister of Defense, in consultation with the Minister of justice, shall prescribe the manner in which the declaration of an area as a confrontation area to the knowledge of a person who gave a written notice.

(e)    In this section –

"confrontation area" – an area outside the area of the State of Israel, in respect of which the Minister of defense declared as said in subsection (c), in which the defense forces operated or which is an area that is part of the confrontation;

"the State" – including any authority, body or person who acts in its name;

"confrontation" – a state of affairs in which one or several events of a military nature occur between the security forces and regular or irregular factors hostile to Israel, or a state of affairs in which hostile acts by an organization hostile to Israel are carried out.

## Change of Schedules

5D.  The Minister of Defense may, after consultation with the Minister of Justice and with approval by the Knesset Constitution, Law and Justice Committee, change Schedule One and Schedule Two by order.

## Damage caused during military service

6.  (a)  The State is not liable in tort for any harm caused to a person or for any disease or for the aggravation of any disease to which a person was subjected during the period of his military service or in consequence of his military service.

   (b)  "Military service", in this section – within its meaning in the Invalids (Pension and Rehabilitation) Law 5709-1949.

## Death caused in the military service

7.  (a)  The State is not liable in tort for the death of any person caused by any harm he suffered or by any disease or by the aggravation of any disease caused him during the period of his military service in consequence of his military service.

   (b)  "Military service", in this section, within its meaning in the Fallen Soldiers' Families (Pensions and Rehabilitation) Law 5710-1950.

## Prescription for purposes of rehabilitation laws

7A.  If an action in tort was brought against the State and was rejected by virtue of sections 6 and 7, then the period of prescription for the submission of applications for grants and benefits under the Invalids (Pension and Rehabilitation) Law 5719-1959 [Consolidated Version] and the Fallen Soldiers' Families (Pensions and Rehabilitation) Law 5710-1950 shall end at the time prescribed in them or six months after a final judgment that is not subject to further appeal was handed down, whichever is later, on condition that the action in tort was brought not later than one year after the end of the prescription period prescribed in those Laws.

## Exemption from liability in tort of agents of the State

7B.  (a)  In instances, in which the State is not liable in tort under one of the sections 5 to 7, then the person, because of whom the State would have been liable in tort if not for the said sections, shall also

be exempt as aforesaid.

(b)   This section also applies to any act or omission carried out before the day on which it went into effect, but it shall not affect any final judgment made before the said day.

**The State's entitlement to indemnification**

7C.  The provisions of section 7B shall not derogate from any entitlement of the State for indemnification from any person who would have been liable to it, if not for the said provisions.

**Assets vested in the State**

8.    The State is not liable in tort as an owner of assets vested in it only by virtue of Law, as long as it has not taken possession of the asset.

**Saving of specific provisions of Laws**

9.    The provisions of this Law shall not derogate from any provision in any of the enactments enumerated below, which determines, restricts or denies the liability of the State or of its institutions:

(1)   the Lands Ordinance (Settlement of Property Rights);

(2)   the Post Office Ordinance;

(3)   the Government Railways Ordinance 1936;

(4)   the Absentees' Property Law 5710-1950;

(5)   the German Property Law 5710-1950;

(6)   the Postal Bank Law 5711-1951.

**Saving of statutes**

9A.  The provisions of section 5B and 5C shall not derogate from any defense, immunity or exemption available to the State under any statute.

**Repeal**

10.  Section 4(1) of the Ordinance is repealed.

**Amendment**

11.  The Governmental Trials Ordinance shall be amended as follows:

(1)   in paragraph (c), replace the period at its end with a comma, followed by "or";

(2)   insert the following paragraph –

      "(d)  civil wrongs".

## SCHEDULE ONE
(Section 5B(a))

An action, for which the grounds are harm caused to a person said in section 5B(b), while he was in the custody of the State of Israel as an arrestee or prisoner, and after he was in custody was not again an activist of member of a terrorist organization or acted on the behalf or as agent of any of them.

## SCHEDULE TWO
(Section 5C(a)

1.  An action, for which the grounds are harm caused in respect of an act performed by a person who serves in the defense forces, on condition that he was convicted of an offense in respect of that act by a Military Tribunal or by a Court in Israel; for this purpose, "offense" – other than an offense of the category of offenses of enhanced liability, within its meaning in section 22 of the Penal Law 5737-1977; in an action under this subsection, for the purpose of the period of prescription for bringing the action, as said in section 5A(3), the day on which the judgment became final shall be the day on which the subject of the action was committed.

2.  An action, for which the grounds are harm caused in a confrontation area to a person who was in the custody of the State of Israel as an arrestee or prisoner, and after he was in custody was not again an activist of member of a terrorist organization or acted on the behalf or as agent of any of them.

3.  An action, for which the grounds are an act of the Civil Administration, as defined in the Law for the Implementation of the Agreement on the Gaza District and Jericho Area (Economic Arrangements and Miscellaneous Provisions) (Law Amendments) 5755-1994, or an act of the Governance, Coordination and Liaison Administration, on condition that the act was not performed as part of a confrontation.

4.  A road accident, within its meaning in the Road Accident Victims Compensation Law 5735-1975, in which a security forces vehicle is involved and its license number or the identity of the person who drove it at the accident is known, unless the accident occurred in the course of the vehicle's operational activity or of the injured person's hostile activity against the State or against the civilian population.

5.  Property damage caused by a vehicle in the course of a road accident, within its meaning in the Road Accident Victims Compensation Law 5735-1975, even if in that accident no bodily injury was caused, on condition that the other conditions of section 4 of this Schedule are complied with.

# CIVIL WRONGS REGULATIONS (LIABILITY OF THE STATE) (WRITTEN NOTICE OF DAMAGE) 5763-2003

By my authority under section 5a(2)(a) and (6) of the Civil Wrongs (Liability of the State) Law 5712-1952 (hereafter: the Law), in consultation with the Minister of Justice and with approval by the Knesset Constitution, Law and Justice Committee, I make these regulations:

**Notice form**
1.      A written notice, within its meaning in section 5A(2) of the Law (hereafter: notice) shall be given according to the form in the Schedule, which shall be in Hebrew and in Arabic (hereafter: the form).

**Full particulars**
2.      (a)      The person who gives notice under section 5A(2)(a) or (c) of the Law, as the case may be (hereafter: the person who gives notice) must fill in all the particulars, as required on the form.
        (b)      The Ministry of Defense shall – in respect of a form on which the required particulars are filled in as said in subregulation (a) – send acknowledgment of its receipt to the person who gives notice.
        (c)      If particulars are not filled in as aforesaid, the dispatch of the form shall not be deemed a notice, as required in section 5A(2) of the Law; the Ministry of Defense shall send to the person who gave the notice notification to that effect (hereafter: rejection notice).
        (d)      Notwithstanding the provisions of subregulation (c), the Ministry of Defense may – at its discretion – demand that the particulars missing on the form be completed (hereafter: the demand); if the particulars were not completed within 45 days after the demand was sent, then sending the form shall not be deemed giving notice, as required in section 5A(2) of the Law.

**Sending an acknowledgment of notice or a demand**
3.      An acknowledgment of notice, a rejection notice or a demand, as the case may be, shall be sent by registered mail or by facsimile to the return address stated on the form; certification by the post office that a letter had been received for dispatch by registered mail or certification of a facsimile transmission, as the case may be, shall be decisive evidence of the said dispatch.

**Sending the form**
4.      (a)      The form shall be sent in one of the following manners to the Claims and Insurance Section,  Administration, Property and

Finance Division in the Ministry of Defense (in these regulations: Ministry of Defense) for the purpose stated in the form:

(1)   by registered mail with certification of delivery;

(2)   by facsimile or in person, on condition that the person who gave the notice received certification from the Ministry of Defense that the notice had reached the Ministry, stating the date of arrival (hereafter: date certification); the said date shall be the date on which notice was given; date certification does not constitute acknowledgment of receipt within its meaning in regulation 2(b).

(b)   A form, including the completion of particuiars under regulation 2(d), sent or delivered in a manner different from those said in subregulation (a), shall not be deemed a giving of notice for purposes of the Law.

(c)   If an action within its meaning in section 5A of the Law is brought, then certification of delivery or date certification, as well as certification of receipt and a copy of the notice shall be attached to the writ of claim.

**Effect**

5.   These regulations shall go into effect thirty days after their publication. *(Date of publication: March 16, 2003 – Tr.*

*CIVIL WRONGS - Ordinance and Regulations*                                **46**

# SCHEDULE
## (Regulation 1)
## Civil Wrongs (Liability of the State) Regulations (Written Notice of Damage) 5763-2003

> [    The person who gives notice must fill in the required particulars]
> [on the form.  If the particulars are not filled in as required, sending]
> [the form will not be deemed giving notice, as required by the Law.]

To the
Claims and Insurance Section
Administration, Property and Finance Division
Ministry of Defense
Hakirya
Tel Aviv
Fax: 03-6934083, 03-6977101, 03-6976622
> If there is a change of address, the Ministry of Defense will publish an update in a daily
> newspaper and on the Ministry of Defense internet site; the updated particulars will be
> binding as of the date of publication.

### Written Notice Form
The particulars required on the form must be filled in on the appropriate lines. Mark X in the appropriate squares.

## A.    Particulars of the injured person
Full name of the injured person:

_____    _____    _____    _____
first name              father's name          grandfather's          family name
                                                      name

ID number _____
Date of birth _____
Family status _____    (single/married/divorced/widowed)
Residential address _____
                              (town/village, quarter, neighborhood, street, number)
Address for correspondence    _____
          (residential address, other address, fax number)
The injured person's parents:
          the injured person's father - full name _____
                                        ID number _____
          the injured person's mother - full name _____
                                        ID number _____

*CIVIL WRONGS - Ordinance and Regulations*                                        **47**

**B.    Particulars of event in consequence of which the damage was caused**

Date          _____

Hour of the injury _____

Circumstances of the act, in which the injury occurred, including description of the claimant's acts when he was injured _____

_____

The place where the injury occurred (specify where the injured person and the person who caused the injury were when the injury occurred) _____

_____

Who caused the injury (describe, as far as possible, the human factor that caused the injury - IDF soldier/ Border Policeman, give their number)

_____

What caused the injury (bullet/rubber bullet/splinters/shell/explosion/missile impact/other; if injury was by a military vehicle, give particulars of vehicle and driver, as far as possible) _____

_____

Specify names, residential addresses and ID numbers of witnesses to the circumstances of the injury, if any _____

_____

**C.    Particulars of the damage**

[ ]    Bodily harm

Describe the injury _____

_____

[ ]    Property damage

Describe the property (building, vehicle, other), its address/location _____

_____

If the property is owned by a legal entity (company, partnership, nonprofit society) - specify the names of share holders/partners _____

_____

Describe the damage and its extent, as far as known when the notice is being given _____

_____

*CIVIL WRONGS - Ordinance and Regulations*                                     **48**

**D.   Additional particulars**
1.    Evacuation for medical treatment (specify only if evacuated)_____

_____

Who evacuated _____ (private, ambulance of an organization)
To which medical institution _____

2.    Submitted a complaint/notice of the event (specify only if submitted) __

_____
Complaint was submitted on _____ to _____
(agency of the State of Israel/security forces/nonprofit or other organization)

●

**E.   Particulars of person who gives the notice**
      (fill in only if notice is not given by the injured person)
Full name:
_____
ID number _____
Residential address _____
                    (town/village, quarter, neighborhood, street, number)
Address for correspondence _____
                    (residential address, other address, fax number - on this form state only one address
                    for correspondence, in Part A or Part E)
Connection of person who gives the notice to the injured **person:**
[ ]   guardian
[ ]   other person on behalf of the injured person _____
      (specify the connection)

●

In case of the injured person's death:
      when did the injured person die _____
[ ]   dependent of the injured person _____
      (specify the dependent's connection to the deceased - parent/child/other)
[ ]   in the name of the estate

      Signature of person who gives the notice _____
      Date_____

*CIVIL WRONGS - Ordinance and Regulations*                                             49

# LAW FOR THE AMENDMENT OF CIVIL WRONGS LEGISLATION (AMELIORATING BODILY HARM) 5724-1964

### Definitions

1.  In this Law –

    "amelioration of harm" – expenses incurred or services provided in order to remedy bodily harm, to prevent aggravation of the harm or additional harm and to ease the injured person's suffering, including support provided to the injured person for his and his household's livelihood, such as became necessary because of the harm, and if the injured person died – aforesaid support extended to persons entitled to compensation therefor from the person who caused the damage;

    "bodily harm" includes illness, physical or mental disability and death.

### Benefactor's right to collect from person who caused the harm

2.  If a person caused bodily harm to another, then the person who alleviated the harm is entitled to be paid by the person who caused the harm for alleviating the harm, up to the amount that the person who caused the harm would have owed the beneficiary under any statute for having caused the bodily harm, had the harm not been alleviated by the benefactor.

3.  Repealed

### Extent of the right

4.  For the purposes of this Law it does not matter whether the benefactor acted under a statutory or contractual obligation or voluntarily; and it does not matter if the benefactor is a cooperative society of which the beneficiary is a member; but if the beneficiary is a body corporate that engages in insurance business – other than a body corporate that insures only its members – and if it acted under an insurance contract with the injured person or the beneficiary, then it shall not be entitled to collect under this Law, but this provision shall not derogate from its right under another Law.

### Reasonability of damage amelioration

5.  Under this Law only reasonable expenses, service fees and support payments may be collected; salary and wages, which an employer continues to pay to his employee while the employee is not able to work because of the bodily harm, shall – for the present purpose – be deemed a reasonable expense, but no more shall be collected than the salary or wages that the employee would have received, had be been

capable of working; the living expenses provided and the pay paid by the State to a soldier while he is not capable of serving shall also be deemed a reasonable expense.

### Right toward insurer

6.    If the person who caused the damage is insured in respect of his liability to the beneficiary, then the beneficiary may, under this Law, collect from the insurer, to the extent that the insurer is liable for the person who caused the damage.

### Right of beneficiary

7.    The benefactor shall not be entitled to claim under this Law from the person who caused the damage any amount of the damage amelioration paid to him by the beneficiary, and the beneficiary may collect that amount from the person who caused the damage.

### Saving of other claims

8.    This Law shall not derogate from a benefactor's right to claim the amelioration of damage on other grounds, on condition that under all his claims he collect no more than the amount of damage amelioration.

### Evidence from a Court

9.    When a Court hears an action under this Law, then it may – on application by the beneficiary – accept as evidence of responsibility for the harm and of contributory negligence any decision on this matter that is included in the judgment of a compensation claim in consequence of that same damage, which can no longer be appealed.

### Applicability

10.    This Law shall also apply to the State.

# R E F E R E N C E S

The sources of the legal acts mentioned in this translation are listed below for our readers' convenience. Whenever possible we refer to English language versions, both those issued by the Ministry of Justice (LSI) and the consolidated law translations published by Aryeh Greenfield – A.G. Publications.

The following abbreviations are used here and elsewhere in these pages.

| | |
|---|---|
| AG | Aryeh Greenfield – A. G. Publications |
| LSI | Laws of the State of Israel (translated) |
| NV | Laws of the State of Israel – New Version (translated) |
| KT | Kovetz Hatakkanot (Hebrew original) |
| SH | Sefer Ha-chukkim (Hebrew original) |

Basic Law: Administration of Justice – in AG, Israel's Written Constitution, 5th ed., 2006

Civil Law Procedure Amendment Law (The State as a Party) 5718-1958 – LSI XII, p. 138

Civil Law Procedure Regulations 5744-1984 – AG, 7th ed., 2005

Civil Wrongs (Liability of the State) Law 5712-1952 – SH 5712, p. 339; Amendments: SH 5723, p. 27; SH 5732, p. 134; SH 5749, p. 16; 5762, p. 514; SH 5764, p. 92; SH 5765, p. 952

Civil Wrongs Ordinance (New Version) – NV II, p. 5 Amendments – SH 5728, p. 101 – LSI XXII, p. 112;  LSI XXIII, p. 165; LSI XXIII, p. 312; LSI XXIV, p. 127; LSI XXVIII, p. 97; LSI XXX, p. 144; SH 5752, p. 153; SH 5759, p. 151; SH 5760, p. 213; SH  5765, p. 950; KT 5767, p. 76

Civil Wrongs Regulations (Liability of a Public Servant) 5766-2006 - KT 5766, p. 704

Civil Wrongs Regulations (Liability of the State) (Written Notice of Damage) 5763-2003 – KT 5763, p. 614

Fallen Soldiers' Families (Pensions and Rehabilitation) Law 5710-1950 – SH 5710, p. 162

Interpretation Ordinance – in AG, Interpretation Law 5741-1981

Invalids (Pension and Rehabilitation) Law 5709-1949 – SH 5709, p. 278

Invalids (Pension and Rehabilitation) Law 5719-1959 [Consolidated Version] – SH 5719, p. 276

Law and Administration Ordinance 5708-1949 – LSI I, p. 7

Law and Administration Ordinance (Amendment No. 14) Law 5732-1972 – LSI XXVI, p. 52

Law for the Amendment of Civil Wrongs Legislation (Ameliorating Bodily Harm) 5724-1964 – SH 5724, p. 77; Amendment: SH 5739, p. 42

National Insurance Law 5714-1953 – AG, 6th ed., 2004

Penal Law 5737-1977 – AG, 5th ed., 2005

Prohibition of Defamation Law 5725-1965 – in AG, The Press, 2003

Road Accident Victims Compensation Law 5735-1975 in AG, Motor Vehicle Insurance 2003

Sale Law 5728-1968 – in AG, Transactions, 3rd ed., 2002