**MANDATE**

09-4108-cv
Rothstein et al v. UBS AG

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/17/2010

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

08cv4414(JSR)

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of August, two thousand ten.

Present:

    ROBERT A. KATZMANN,
    DENNY CHIN,
        *Circuit Judges*,
    EDWARD R. KORMAN,
        *District Judge*\*



RACHEL ROTHSTEIN, FRED ROTHSTEIN, NORA ROTHSTEIN, JENNY RUBIN, DEBORAH RUBIN, DANIEL MILLER, ABRAHAM MENDELSON, STUART ELLIOT HERSCH, RENAY FRYM, NOAM ROZENMAN, ELENA ROZENMAN, TZVI ROZENMAN, SHAUL STERN, individually and as personal representative of the estate of Leah Stern, JOSPEH STERN, SHIMSON STERN, YOCHEVED KUSHNER, JULIA KATZ, ALICE FEINSTEIN, CHARLES FEINSTEIN, EMILE FEINSTEIN, ALEXANDER FEINSTEIN, CHAIM KAPLAN, individually and as natural guardian of plaintiffs Mushka Kaplan, Arye Leib Kaplan, Menachem Kaplan, Chana Kaplan, and Efraim Kaplan, MUSHKA KAPLAN, minor, ARYE LEIB KAPLAN, minor, MENACHEM KAPLAN, minor, CHANA KAPLAN, minor, EFRAIM KAPLAN, minor, AVISHAI REUVANE, ELISHEVA ARON, CHAYIM KUMER, NECHAMA KUMER, NETANEL HERSKOVITZ, MARTIN HERSKOVITZ, PEARL HERSKOVITZ, BENNETT FINER, PAULA FINER, individually and as legal guardians for plaintiff Chana Nachenberg, CHANA NACHENBERG, DAVID NACHENBERG, SARA NACHENBERG, minor, ZEV FINER, SHOSHANA FINER OHANA, HOWARD M. GREEN, MINA DORA GREEN,

    *Plaintiffs-Appellants*,

        v.        No. 09-4108-cv

UBS AG,

    *Defendant-Appellee*.

Upon due consideration, **IT IS HEREBY ORDERED** that the appeal is **DISMISSED**

---

    \* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

MANDATE ISSUED ON 09/17/2010

**WITHOUT PREJUDICE** and the matter is **REMANDED** to the district court for reconsideration in light of *Holder v. Humanitarian Law Project*, --- U.S. ---, 130 S. Ct. 2705 (2010).

Plaintiffs-appellants bring this appeal from a judgment entered September 8, 2009 (Rakoff, *J.*) granting defendant-appellant UBS AG's motion to dismiss. Plaintiffs bring claims against UBS AG under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), claiming that because UBS AG provided the Iranian government, a state sponsor of terrorism, with U.S. banknotes, UBS AG is liable for the injuries plaintiffs suffered in Hizbollah and Hamas attacks in Israel. The district court granted UBS AG's motion to dismiss, concluding that plaintiffs did not meet the requirements for Article III standing and had failed to state a claim under the ATA.

After the district court issued its opinion in this case, the Supreme Court decided *Holder v. Humanitarian Law Project*, --- U.S. ---, 130 S. Ct. 2705 (2010). In *Humanitarian Law Project*, the Court addressed the constitutionality of 18 U.S.C. § 2339B(a)(1), which makes it a federal crime to "knowingly provide[] material support or resources to a foreign terrorist organization." 130 S. Ct. at 2714 n.2. While *Humanitarian Law Project* was in a different posture and addressed a different statutory provision than this case, the Court's holding in that case may bear on the resolution of this case. In particular, the Court rejected an argument that the terrorist and peaceful activities of a terrorist organization could be segregated, pointing to Congress's finding that "foreign organizations that engage in terrorist activity are so tainted by their criminal conduct that any contribution to such an organization facilitates that conduct." *Id.* at 2724 (quoting the Antiterrorism and Effective Death Penalty Act of 1996 § 301(a)(7), 110 Stat. 1247). The Court also rejected the dissent's contention that in order to bar plaintiffs from

engaging in certain activities, the government had to put forward proof, through specific facts and evidence, that the plaintiffs' proposed activities would support terrorist attacks. *Id.* at 2727-28. The Court deemed this a "dangerous requirement," and held that the material support statute is a preventive measure that "criminalizes not terrorist attacks themselves, but aid that makes the attacks more likely to occur." *Id.* at 2728. Finally, with respect to the mental state required for the crime of providing material support to a terrorist organization, the Court held that only knowledge of an organization's connection to terrorism is necessary, and that no specific intent to further the organization's terrorist activities is required. *Id.* at 2717.

It may be that the holding in *Humanitarian Law Project* bears on the resolution of this case. Because we do not have the benefit of full briefing or a district court ruling on the relevance of *Humanitarian Law Project* to this case, we decline to resolve it in the first instance. *See Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 93 (2d Cir. 2010). We express no opinion as to the ultimate merits of the case.

Accordingly, for the foregoing reasons, the appeal is **DISMISSED WITHOUT PREJUDICE** and the case is **REMANDED** to the district court for reconsideration in light of *Holder v. Humanitarian Law Project*, --- U.S. ---, 130 S. Ct. 2705 (2010). Each party shall bear its own costs of the appeals.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*Catherine O'Hagan Wolfe*

-3-